# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**GARY L. GRINER**
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jul 20 2012, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEVON D. DOKES, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1111-CR-503 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable R.W. Chamblee, Jr., Judge
Cause No. 71D08-0601-FB-5

**July 20, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Devon Dokes appeals the revocation of his probation for being a felon in possession of a handgun. Finding the evidence sufficient to support the court's decision, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 3, 2007, Dokes pled guilty to Class B felony burglary[1] and Class A misdemeanor resisting law enforcement.[2] The court sentenced him to ten years in the Department of Correction with six years suspended to probation. Thereafter, Dokes was released from prison and began probation. The terms of Dokes' probation included, among other things, a prohibition against possessing a firearm, a prohibition against committing additional crimes, and a requirement he pay probation fees.

On April 27, 2011, the State charged Dokes with possession of a handgun by a serious violent felon, a Class B felony.[3] The State also petitioned to revoke Dokes' probation based on his commission of a new criminal offense and his failure to pay probation fees.

The trial court, with agreement from the parties, held the probation revocation hearing simultaneously with the bench trial on the criminal charge. Dokes stipulated to his prior felony conviction. Two witnesses testified to having seen Dokes handle or possess a small handgun that later was found next to the dead body of Dokes' cousin, Ramon Hamilton. The court found Dokes not guilty of being a felon in possession of a handgun. Nevertheless, the court found Dokes violated his probation, citing his commission of the new offense.

---

[1] Ind. Code § 35-43-2-1.
[2] Ind. Code § 35-44-3-3.
[3] Ind. Code § 35-47-4-5.

2

**DISCUSSION AND DECISION**

"The court may revoke a person's probation if: (1) the person has violated a condition of probation during the probationary period . . . ." Ind. Code § 35-38-2-3(a). The State must prove a violation of probation by a preponderance of the evidence. Ind. Code § 35-38-2-3(e); *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995). On review, we will look to the evidence most favorable to the State and neither reweigh the evidence nor judge the credibility of witnesses. *Id*. at 271. If substantial evidence of probative value exists to support the trial court's finding that a violation occurred, we will affirm the revocation of probation. *Id.; Menifee v. State*, 600 N.E.2d 967, 970 (Ind. Ct. App. 1992), *decision clarified on denial of reh'g.*

Dokes argues two insufficiencies in the State's evidence. He first alleges the State did not meet its evidentiary burden to prove he was on probation. Second, because the trial judge found Dokes not guilty of the criminal offense of being in possession of a weapon, Dokes alleges the testimony he possessed the gun was incredibly dubious and thus insufficient to support probation revocation.

As for whether the State proved Dokes was on probation, the record indicates Dokes and the State agreed the probation revocation hearing would occur simultaneous with the bench trial on the new criminal charge. *See*, *e.g.*, *State ex rel. Randall v. Long*, 237 Ind. 389, 392, 146 N.E.2d 243, 245 (1957) (parties may not appeal from a procedural stipulation not objected to at trial); *Viccaro v. City of Ft. Wayne*, 449 N.E.2d 1161, 1163 (Ind. Ct. App. 1983) (parties were bound by stipulations made at trial). At no time during the combined

3

hearing did Dokes or his counsel allege he was not on probation, and two witnesses testified

Dokes was on probation. This evidence was sufficient.[4]

Dokes also asserts the testimony that he possessed the weapon is incredibly dubious

under the rule re-announced in *Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007). The

rule of incredibly dubious testimony states:

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Love v. State,* 761 N.E.2d 806, 810 (Ind. 2002).

That rule does not apply in the present case. While only one witness testified that

Dokes possessed the gun on or near April 21, 2011, there was nothing inherently improbable

in that testimony. The standard in *Love* requires that no reasonable person could believe the

sole witness's testimony, and there is no indication that Ms. Taylor's testimony was

inherently improbable, coerced, or equivocal. Neither was that testimony wholly

uncorroborated as a second witness testified she saw Dokes in possession of the gun a few

weeks earlier.

Finally, Dokes claims because the trial judge found him not guilty beyond a

---

[4] We note Ind. Evidence Rule 201 permitted the trial court to take judicial notice of its own records regarding Dokes' conviction and sentence, which would have demonstrated Dokes was on probation. While Dokes and the State appear to agree the trial court did not take judicial notice of those documents and the Prosecutor did not introduce them into evidence, Dokes nevertheless included those documents in his Appendix, which should not contain items that were not made part of the record at trial. *See* Ind. Appellate Rule 50 (requiring counsel to verify the documents in the Appendix are accurate copies of the trial record).

reasonable doubt of possessing the weapon in the criminal trial the evidence is not sufficient to convict him of the probation violation. We cannot agree. Because of the difference between the burden of proof required to convict someone of a crime and the burden of proof required to revoke probation, the court could revoke probation after finding Dokes not guilty based on the same evidence. *See*, *e.g.*, *Hoffa v. State* 267 Ind. 133, 368 N.E.2d 250, 252 (1977) (a conviction need not precede revocation of probation for commission of a new offense); *Thornton v. State*, 792 N.E.2d 94, 97 (Ind. Ct. App. 2003) (court revoked probation on preponderance of the evidence after jury acquittal); *Jackson v. State,* 420 N.E.2d 1239 (Ind. Ct. App. 1981) (evidence from trial ending in acquittal was sufficient to revoke defendant's probation).

Because his arguments fail, we affirm the revocation of Dokes' probation.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.