**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 04 2013, 8:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RICHARD WALKER**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICKY J. GELLINGER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1204-CR-200 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0811-FC-00310

**January 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issue</u>

Ricky Gellinger appeals the revocation of his probation, raising the sole issue of whether the evidence was sufficient to support the revocation. Concluding that the evidence is sufficient, we affirm.

<u>Facts and Procedural History</u>

In 2009, Gellinger pleaded guilty to battery resulting in serious bodily injury, a Class C felony; domestic battery, a Class A misdemeanor; and possession of marijuana, a Class A misdemeanor. The charges stemmed from an incident between Gellinger and his girlfriend, Shelly Shryock in November 2008. Gellinger was sentenced to seven years with four years suspended to probation. In addition to the standard terms and conditions of probation, one of the special conditions of Gellinger's probation was that he have no contact with Shryock unless authorized by the probation department.

On January 10-11, 2012, Gellinger spent the night with Shryock at her house and an altercation ensued during which Shryock's contact was knocked out of her eye. She went to the hospital the next day and was diagnosed with broken ribs. On February 8, 2012, the State filed a Notice of Violation of Probation against Gellinger, alleging that he had violated the following conditions of his probation:

a) Not to violate the laws of Indiana or the U.S. and failure to behave well in society: On/about 01/11/12 you are alleged to have committed the following new criminal offense(s): Ct I, Battery Resulting in Serious Bodily Injury, Class C felony as filed in Circuit Court Division VI, under cause number(s): 48C06-1202-FC-000174;
b) Failure to obtain substance abuse evaluation at treatment facility approved by Probation Department within 30 days sentencing/release, comply with treatment recommendations, and provide written verification of successful completion of said program to the Probation Department;

2

c) Failure to pay court cost in the amount of $164.00;
d) Failure to pay probation fees, defendant owes $435.00;
e) Failure to pay Domestic Violence Fee, defendant owes $50.00;
f) Failure to [pay] Administrative Fee of $100.00, defendant owes $75.00;
g) Defendant had contact with Shelly Shyrock [sic], where a no contact order is in place.

Appellant's Appendix at 49.

Gellinger initially denied the allegations and an evidentiary hearing was set. At the start of the evidentiary hearing, Gellinger admitted allegations c, d, e, and f regarding the financial obligations of his probation and evidence was heard as to the remaining allegations. Shyrock testified that she and Gellinger were together at her home the evening of January 10, 2012 and into the next morning. Shryock did not testify to specifics, claiming that Gellinger "didn't like punch me or anything. It was just kinda, I mean it wasn't like a punch or, I don't know . . . I'm not real sure of what happened," transcript at 24, but she did testify that they argued, that her contact was knocked out of her eye, and that she went to the hospital and found out she had broken ribs. She also acknowledged she told the police that Gellinger had punched her in the face and struck her in the ribs, but refused to say whether that was true or not: "I wasn't lying. I think I just jumped the gun after going to the hospital and I wish I never even went up there." Id. at 26.

Gay Doss, a victim assistant coordinator from the sheriff's department, also testified about a telephone conversation she had with Shryock on January 11, 2012, in which a "crying, very upset, very emotional" Shryock told her that Gellinger had kicked her in the head and ribs. Id. at 30. Doss followed up with Shryock after her hospital visit and met her at the police department where she gave a statement. The trial court

3

found no evidence had been introduced about allegation b regarding substance abuse treatment, but that it was proven by a preponderance of the evidence that Gellinger had violated the no contact order and committed a battery upon Shryock causing some injury. The trial court revoked Gellinger's probation and ordered that he serve the four years of his previously-suspended sentence at the Department of Correction.

## Discussion and Decision

### I. Standard of Review

When reviewing the sufficiency of the evidence supporting a probation revocation, we consider only the evidence most favorable to the judgment and we do not reweigh the evidence or judge the credibility of the witnesses. Figures v. State, 920 N.E.2d 267, 272 (Ind. Ct. App. 2010). A probation revocation is civil in nature and the State is required to prove the allegations by a preponderance of the evidence. Id. If there is substantial evidence of probative value to support the trial court's revocation of probation, we will affirm. Id.

### II. Sufficiency of Evidence

Gellinger contends the evidence was insufficient to support the trial court's determination that he had committed the criminal act of battery causing injury given Shryock's reluctance to testify regarding the events of January 10-11, 2012. Even assuming for the sake of argument that we agree with this specific argument, Gellinger admitted he had violated several conditions of probation and there was clearly sufficient evidence to support the contested allegation that he had contact with Shryock in violation of a no contact order. Proof of a single violation of the conditions of probation is

4

sufficient.  Beeler v. State, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), trans. denied. Thus, even without evidence of a battery, there was sufficient evidence to support revoking Gellinger's probation.

However, we believe the evidence was sufficient to support a finding by a preponderance of the evidence that Gellinger committed an additional crime by battering Shryock.  Though Shryock never testified that Gellinger hit her, she did testify that they were together on the evening in question, that no one else was there, that they argued, and that although "I'm not real sure of what happened," tr. at 24, her contact was knocked out of her eye and the next day she was diagnosed with broken ribs.  The notice of probation violation alleges Gellinger was arrested and charged with battery causing serious bodily injury.  A finding of guilt is not a necessary precursor for a finding of a violation based on a new criminal offense, Dokes v. State, 971 N.E.2d 178, 180-81 (Ind. Ct. App. 2012), but an arrest standing alone does not support revocation of probation, Cooper v. State, 917 N.E.2d 667, 674 (Ind. 2009).  The trial court must hear evidence from which it can ascertain that the arrest was reasonable and determine by a preponderance of the evidence that the defendant committed a crime.  That standard was met here.  As the trial court stated, "it's clear that there was an offense of touching, a battery.  Whether or not it rises to the level of serious bodily injury or simply bodily injury is a different question for a different day.  But certainly there was a battery with some injury." Tr. at 34-35.

Although Gellinger does not make a specific argument regarding the sentence imposed by the trial court, he does cite case law regarding sanctions when probation is revoked.  We therefore note that upon revoking probation, the trial court may impose

5

one of several sanctions provided by statute, including ordering execution of all or part of the sentence that was suspended at the time of the initial sentencing. See Ind. Code § 35-38-2-3(h). We review a trial court's sentencing decisions for probation violations for an abuse of discretion. Alford v. State, 965 N.E.2d 133, 134 (Ind. Ct. App. 2012), trans. denied. Here, Gellinger was found to have violated his probation at least in part for committing a battery upon the very person he was on probation for battering previously. Under these circumstances, we cannot say the trial court abused its discretion in ordering Gellinger to serve the entirety of his previously-suspended four-year sentence.

## Conclusion

Sufficient evidence supports the trial court's revocation of Gellinger's probation and the order that he serve his previously-suspended sentence is not an abuse of the trial court's discretion. The judgment is affirmed.

Affirmed.

BAILEY, J., and MAY, J., concur.