**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jan 31 2013, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SCHWALA M. ROYAL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1206-CR-292 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

CONSOLIDATED APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
The Honorable Samuel R. Keirns, Magistrate
Cause Nos. 02D05-1201-FD-50 and 02D05-1104-FD-493

**January 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Schwala M. Royal appeals her conviction for class D felony prostitution, following a jury trial. The trial court sentenced Royal to the maximum term of three years' imprisonment. On appeal, Royal contends that the State presented insufficient evidence to support her conviction. She also asserts that her sentence is inappropriate in light of the nature of the offense and her character. Finding the evidence sufficient and that she has not met her burden to show that her sentence is inappropriate, we affirm the conviction and sentence.

In a consolidated appeal, Royal also challenges the trial court's revocation of her probation on one of her prior prostitution convictions based upon her current conviction. As her sole contention regards the sufficiency of the evidence to support the current conviction, which evidence we find sufficient, we affirm the trial court's revocation.

**Facts and Procedural History**

The relevant facts indicate that on July 25, 2011, Royal was convicted of class D felony prostitution in cause number 02D05-1104-FD-493 ("Cause 493"). The trial court sentenced Royal to two and one-half years with one year executed and one and one-half years suspended to probation. During Royal's probationary period, on January 10, 2012, Fort Wayne Police Department Vice and Narcotics Detective Jeffrey Ripley was working undercover. After obtaining seventy dollars from one of his sergeants, Detective Ripley began driving around looking for open-air drug dealing and prostitution. At approximately 11:00 p.m., Detective Ripley observed Royal standing near a payphone outside a liquor store.

2

Royal waved at Detective Ripley as he drove past her. Detective Ripley drove past Royal several times, and each time she would wave at him. When Detective Ripley eventually stopped his unmarked vehicle around the corner, Royal approached the vehicle and entered through the passenger door.

Detective Ripley immediately recognized Royal from a prior investigation. Likewise, Royal seemed to also recognize Detective Ripley, but did not appear to remember that he was a police officer. Royal asked Detective Ripley multiple times if he was a police officer. He repeatedly responded in the negative. Royal then asked Detective Ripley to expose his penis. When he complied, Royal grabbed and rubbed his penis. Detective Ripley pulled his pants back up and informed Royal that he had the money to pay her for oral sex. She then asked Detective Ripley to drive her to the liquor store and buy her a bottle of gin. When they arrived in the liquor store parking lot, Royal asked Detective Ripley to again expose his penis. When he complied, Royal grabbed his penis and rubbed it. She asked him to go inside to buy some gin so that they could then go back to her place and "kick it." Tr. at 30. Detective Ripley understood that to mean that they would go back to her place and engage in alcohol and/or drug use and then engage in a sex act. While in the parking lot, Detective Ripley showed Royal the seventy dollars he had and told her that he was willing to pay her sixty dollars for a "blow job."

The liquor store ended up being closed, and Royal was upset. Detective Ripley and Royal continued to drive around, and, as they drove, they discussed sex acts. Royal asked Detective Ripley to stop the vehicle several times, and she would get out and look up and

3

down the street. She was concerned that they were being followed by undercover police officers. She repeatedly asked Detective Ripley if he was a police officer and asked him on a third occasion to expose his penis to her. At one point after Detective Ripley had pulled his vehicle to the side of the road, Royal got out of the vehicle, looked up and down the street, and then asked Detective Ripley, "Do you really like blow jobs that well?" *Id.* at 35. Detective Ripley advised her that he "loved them." *Id.* Royal repeated, "Do you really like blow jobs that much?" *Id.* Detective Ripley said, "Well, I was willing to give you sixty bucks for a blow job, but see ya, get outta here." *Id.* Royal then looked at Detective Ripley, nodded her head yes, and said, "Yeah, alright." *Id.* Detective Ripley then repeated his question to Royal to confirm that she was agreeing to give him a blow job for sixty dollars and Royal said, "Okay." *Id.* Royal got back into Detective Ripley's vehicle and shut the door. When Detective Ripley had driven just a few feet, Royal suddenly noticed what she believed to be an unmarked police vehicle. She asked Detective Ripley to stop so she could get out of the car. Shortly after she exited the vehicle, Royal was apprehended and arrested by uniformed police officers.

On January 13, 2012, the State charged Royal with prostitution in cause number 02D05-1201-FD-50 ("Cause 50"). Because Royal had previously been convicted of prostitution on at least two prior occasions, the charge was elevated to a class D felony. A jury trial was held on May 3, 2012. The jury found Royal guilty as charged. Following the jury phase of the trial, the trial court found that due to her current conviction, Royal had violated her probation in Cause 493. Accordingly, the trial court revoked Royal's probation.

4

On June 5, 2012, the trial court sentenced Royal to three-years executed on her current conviction and also ordered her previously suspended one and one-half year sentence in Cause 493 executed due to her probation violation. Royal now appeals both her conviction and the revocation of her probation based upon that conviction.

**Discussion and Decision**

*I. Sufficiency of the Evidence*

Royal first challenges the sufficiency of the evidence to support her conviction in Cause 50. When a defendant challenges the sufficiency of the evidence supporting a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences drawn therefrom that support the finding of guilt. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We likewise consider conflicting inferences in the light most favorable to the conviction. *Id.* It is unnecessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* We will affirm the conviction unless no reasonable trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *Id.*

Indiana Code Section 35-45-4-2 provides that "a person who knowingly or intentionally … performs, or offers or agrees to perform sexual intercourse or deviate sexual conduct … for money or other property commits prostitution." The offense becomes a class D felony if the person has two prior convictions for prostitution. *Id.* Royal concedes that the evidence was sufficient to establish that Detective Ripley requested that she perform deviate

5

sexual conduct, oral sex, in exchange for money, sixty dollars. The State concedes that Royal neither offered to nor actually performed the oral sex in exchange for money. Thus, the sole disputed issue is whether the State presented sufficient evidence to prove that Royal "agree[d] to perform" oral sex in exchange for sixty dollars. *See id*.

As we explained in *Harwell v. State*, 821 N.E.2d 381 (Ind. Ct. App. 2004),

"Agreement" has a plain, and ordinary meaning: it is defined by Black's law dictionary as "a mutual understanding between two or more persons about their relative rights and duties regarding past or future performances; a manifestation of mutual assent by two or more persons." Analogizing contract law, an agreement is considered to be a meeting of the minds between the parties, a mutual understanding of all terms of the contract.

*Id.* at 383 (citations omitted). Here, Detective Ripley offered to pay Royal sixty dollars to perform oral sex on him. She responded in the affirmative on two separate occasions, first by nodding her head and saying, "Yeah, alright," and again when asked to affirm her agreement, she responded by saying, "Okay." Tr. at 35. Moreover, Royal, who had previously exited Detective Ripley's vehicle, got back into the vehicle and shut the door as a further indication of her agreement to his request. Royal's actions establish a meeting of the minds or an agreement between her and Detective Ripley to exchange money for deviate sexual conduct. This evidence was sufficient to support the jury's conclusion that Royal agreed to perform deviate sexual conduct for money and, thus, the State presented sufficient evidence to support Royal's prostitution conviction.

Royal maintains that the fact that she quickly changed her mind about her agreement to perform deviate sexual conduct after spotting an unmarked police vehicle should cause us to question the "sincerity of [her] alleged initial indications of consent." Appellant's Br. at

6

11. This is merely a request to reweigh the evidence, which is beyond our purview on appeal. *Turner v. State*, 953 N.E.2d 1039, 1059 (Ind. 2011).

As far as Royal's challenge to the trial court's revocation of her probation in Cause 493 is concerned, Royal's sole contention is that there was insufficient evidence to support her current prostitution conviction, and therefore there was insufficient evidence to support a probation revocation based upon that conviction. In light of our foregoing conclusion that the State presented sufficient evidence to establish Royal's guilt beyond a reasonable doubt, the lesser evidentiary burden to sustain a revocation of probation based upon that conviction has clearly been satisfied. *See Dokes v. State*, 971 N.E.2d 178, 179 (Ind. Ct. App. 2012) (standard of proof for probation violation is preponderance of the evidence; indeed, due to lesser probation revocation evidentiary standard, a finding of guilt is not a necessary precursor for finding probation violation based on new criminal offense).

## *II. Sentencing*

Royal next requests that we reduce the three-year sentence imposed by the trial court.[1] Before we turn to Royal's request for sentence revision, we note that much of Royal's argument in this regard is comingled with an argument that the trial court abused its discretion by failing to properly balance aggravating and mitigating factors. This argument is not available on appeal. Trial courts are no longer obliged to weigh aggravating and mitigating factors against each other when imposing sentence, and a court cannot be said to

---

[1] Royal does not challenge the one-and-one-half-year sentence imposed by the trial court following the revocation of her probation in Cause 493.

7

have abused its discretion in failing to assign proper weight to such factors. *See Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

Pursuant to Indiana Appellate Rule 7(B), this Court "may revise a sentence authorized by statute, if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "[T]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Royal bears the burden of persuading us that her three-year sentence is inappropriate. *King*, 894 N.E.2d at 267.

"As to the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). The advisory sentence for a class D felony is one and one-half years, with three years being the maximum. Ind. Code § 35-50-2-7. Here, the trial court imposed the maximum three-year sentence. The State concedes, and we agree, that the nature of the offense is not itself unusual or especially egregious. Royal's poor character, however, justifies the maximum sentence.

Royal's criminal history includes fifteen misdemeanor convictions and seven felony convictions. She has been convicted of battery twice and has six former offenses that relate to substance abuse. The current offense involves merely one in a line of multiple convictions for prostitution. Indeed, Royal committed the current class D felony prostitution offense shortly after going on probation for another class D felony prostitution offense. As specifically noted by the trial court, Royal's probation has been revoked three times, and she has had four suspended sentences revoked. Royal has shown an unwillingness to alter her criminal behavior despite the ample opportunities and leniency granted to her by trial courts. In light of her demonstrated poor character, Royal has not met her burden to persuade us that her three-year sentence is inappropriate. We decline the invitation to reduce her sentence.

We affirm Royal's conviction and sentence for class D felony prostitution in Cause 50. We also affirm the trial court's revocation of her probation in Cause 493.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.