**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 21 2013, 5:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK A. SHEESE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1301-CR-18 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause Nos. 84D03-1008-FD-2636, 84D03-0908-FC-2393

**June 21, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Mark Sheese appeals the revocation of his probation. He presents one issue for our review: whether the trial court abused its discretion when it ordered him to serve executed the four years that remained on his sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 15, 2011, Sheese pled guilty to one count of Class D felony domestic battery[1] and one count of Class D felony failure to register as a sex offender.[2] Pursuant to the plea agreement, Sheese was sentenced to six years, with four years and 330 days suspended to probation. On August 6, 2012, the State petitioned to revoke probation, alleging Sheese had committed one count of Class D felony domestic battery,[3] one count of Class A misdemeanor resisting law enforcement,[4] one count of Class B misdemeanor false informing,[5] and one count of Class B misdemeanor public intoxication.[6] The trial court found Sheese in violation of probation and ordered him incarcerated for the remaining four years of his sentence.

## DISCUSSION AND DECISION

Probation is a matter of grace to which a defendant has no entitlement, *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012), as is the trial court's consideration and imposition of any alternatives to incarceration. *Monday v. State*, 671 N.E.2d 467, 469 (Ind. Ct. App. 1996). A trial court may revoke probation after the State shows by a preponderance of the evidence

[1] Ind. Code § 35-42-2-1.3(a) and 35-42-2-1.3(b)(2).
[2] Ind. Code § 11-8-8-17(a)(5).
[3] Ind. Code § 35-42-2-1.3.
[4] Ind. Code § 35-44.1-3-1.
[5] Ind. Code § 35-44.1-2-3.
[6] Ind. Code § 7.1-5-1-3.

that a condition of probation has been violated during the probationary period, and that violation warrants revocation. *Alford v. State,* 965 N.E.2d 133, 134-35 (Ind. Ct. App. 2012). The State's burden to prove a violation is satisfied when the probationer admits to the violation. *Id.* On such a showing, the trial court may order the execution of the entire sentence that was suspended at the time of the initial hearing. Ind. Code § 35-38-2-3(h)(3); *Stephens v. State*, 818 N.E.2d 936, 942 (Ind. 2004). As Sheese admitted he violated the terms of his probation, the sole issue for our consideration is whether the trial court abused its discretion when it ordered Sheese to serve the remainder of his suspended sentence incarcerated.

An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007).* On review, we look to the evidence most favorable to the State without reweighing evidence or judging witness credibility. *Dokes v. State*, 971 N.E.2d 178, 179 (Ind. Ct. App. 2012).

Sheese admitted consuming alcohol in violation of the terms of his probation. There was evidence Sheese was involved in two physical altercations: in the first, Sheese struck his roommate in the face with a closed fist and in the stomach with a beer can, and in the second, he fought with a friend in the middle of a public street. After considering the evidence, the trial court found Sheese in violation of his probation. It was therefore within the trial court's authority to incarcerate Sheese for the remainder of his sentence. *See* Ind. Code § 35-38-2-3(h)(3) ("If the court finds that the person has violated a condition at any time before

3

termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions: . . .(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing."). Therefore, we find no abuse of discretion in the trial court's decision and we accordingly affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.