## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Clifford M. Davenport
Davenport Law Offices
Anderson, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Emery D. Scruggs,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 20, 2015

Court of Appeals Case No.
48A04-1412-CR-562

Appeal from the Madison Circuit Court.
The Honorable Christopher A. Cage, Judge Pro Tempore.
Cause No. 48D03-1102-FA-147

**Garrard, Senior Judge**

[1] Emery D. Scruggs[1] appeals from the revocation of his probation. We affirm.

---

[1] Scruggs spells his first name as "Emergy" on the cover of his Appellant's Brief and Appendix. During trial court hearings, he spelled his name as "Emery." We will use the spelling he provided during court hearings.

[2] The State charged Scruggs with robbery as a Class A felony. The parties executed a plea agreement. Pursuant to the agreement, Scruggs pleaded guilty to robbery resulting in bodily injury, a Class B felony. The trial court accepted the plea agreement and sentenced Scruggs to serve fifteen years in the Department of Correction, with six years executed and nine years suspended to probation. The court ordered Scruggs to comply with "the usual and ordinary conditions of probation." Appellant's App. p. 38.

[3] Scruggs completed the executed portion of his sentence and was released to probation. On March 28, 2014, the State filed a Notice of Violation of Probation, alleging that Scruggs violated the terms of his probation by failing to pay probation fees, failing to pay administrative fees, failing to report timely to the probation department, and failing to either maintain employment or verify employment with the probation department. Later, the State amended its Notice to further assert that Scruggs violated his curfew and failed to behave well in society because he was charged with a new criminal offense, resisting law enforcement.

[4] The trial court held a hearing, and Scruggs admitted to committing all of the violations alleged by the State except the curfew violation. The court ordered Scruggs to be placed at a work release facility. Later, the court released Scruggs from work release and returned him to probation.

[5] Scruggs had been in a relationship with Leslie Chiccine, but it ended and he married someone else. On July 11, 2014, Chiccine obtained a protective order

against Scruggs, barring him from contacting her. On September 20, 2014, Scruggs called Chiccine three times in a row. She recognized his voice. Scruggs told Chiccine that he wanted her to come pick him up. She did not respond to him and hung up each time.

On September 22, Chiccine printed off a log showing recent calls to her cell phone. She reported the calls to the police and gave them the log. An officer called the phone number that Chiccine indicated was the source of Scruggs' calls and learned that the number was assigned to Scruggs' home.

On October 10, 2014, the State filed a second Notice of Violation of Probation, which it later amended. The State alleged that Scruggs had violated the laws of Indiana and had failed to behave well in society because he committed a new criminal offense, specifically invasion of privacy, a Class A misdemeanor.

The trial court held an evidentiary hearing and determined by a preponderance of the evidence that Scruggs had violated the terms of his probation, specifically the requirement to "behave well in society," because he committed the offense of invasion of privacy. Tr. p. 102. The court ordered Scruggs to serve the balance of his sentence at the Department of Correction. He now appeals.

Scruggs raises two issues, which we restate as:

    I.    Whether there is sufficient evidence to support the revocation of his probation.

    II.    Whether the trial court abused its discretion in sentencing Scruggs to the Department of Correction.

# I. Sufficiency of the Evidence

[10] Scruggs argues that the State failed to prove that he violated the terms of his probation because Chiccine had a grudge against him, and his mother was the person who called Chiccine.

[11] A court may revoke a person's probation if the person has violated a condition of probation during the probationary period. Ind. Code § 35-38-2-3(a) (2012). When the alleged probation violation is the commission of a new crime, the State does not need to prove that the probationer was convicted of the crime. *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). Instead, the trial court only needs to find by a preponderance of the evidence that the defendant committed the offense. *Heaton v. State*, 984 N.E.2d 614, 617 (Ind. 2013).

[12] On appeal, we look to the evidence most favorable to the State and neither reweigh the evidence nor judge the credibility of witnesses. *Dokes v. State*, 971 N.E.2d 178, 179 (Ind. Ct. App. 2012). If substantial evidence of probative value exists to support the trial court's finding that a violation occurred, we will affirm the trial court's judgment. *Id.*

[13] A person commits the offense of invasion of privacy by knowingly or intentionally violating a protective order. Ind. Code § 35-46-1-15.1 (2014). Chiccine testified that Scruggs called her three times on September 20, 2014. She recognized his voice and denied that Scruggs' mother was the caller. In addition, Chiccine provided a cell phone call log to the police, and an officer determined that the number from which the calls came was assigned to Scruggs'

residence. Testimony from Scruggs' wife demonstrated that she and Scruggs were aware that Chiccine had obtained a protective order.

[14] This is sufficient evidence from which the trial court could have reasonably determined by a preponderance of the evidence that Scruggs knowingly or intentionally contacted Chiccine in violation of a protective order, thereby committing the offense of invasion of privacy. *See Dokes*, 971 N.E.2d at 180 (evidence sufficient to support trial court's determination that defendant had violated probation by committing a new criminal offense).

# II. Sentencing

[15] Scruggs argues that the trial court should have placed him on work release or community corrections instead of sending him back to the Department of Correction.

[16] If a court finds that a probationer has violated a condition of probation, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h). When the trial court revokes probation and imposes a sentence, we review the sentencing decision for an abuse of discretion. *Brandenburg v. State*, 992 N.E.2d 951, 953 (Ind. Ct. App. 2013), *trans. denied*. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[17] Scruggs, who was twenty-seven at the probation revocation hearing, has a lengthy criminal history. As a juvenile, he was adjudicated a delinquent for committing acts that, if committed by an adult, would have been considered

three counts of battery and two counts of disorderly conduct. As an adult, he has been convicted of two counts of possession of marijuana, four counts of battery resulting in bodily injury, domestic battery, and criminal mischief. In addition, Scruggs has been placed on probation in seven previous cases and violated probation five times. Scruggs violated the terms of probation earlier in this case, but after a term on work release the trial court returned him to probation.

[18] Scruggs' history of misconduct, including his repeated probation violations, demonstrates that he is unlikely to respond positively to alternatives to incarceration, such as work release. The trial court did not abuse its discretion by ordering Scruggs to serve the balance of his previously suspended sentence. *See Alford v. State*, 965 N.E.2d 133, 135 (Ind. Ct. App. 2012) (no abuse of discretion in imposing balance of suspended sentence for probation violation where defendant contacted a person in violation of a no-contact order), *trans. denied*.

[19] For the reasons stated above, we affirm the judgment of the trial court.

[20] Affirmed.

[21] Riley, J., and Bradford, J., concur.