## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2015, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Antwon Davis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 21, 2015

Court of Appeals Case No.
02A04-1501-CR-6

Appeal from the Marion Superior
Court

The Honorable Wendy W. Davis,
Judge

Trial Court Cause Nos.
02D04-0604-FD-339
02D04-0605-FD-445
02D04-0902-FD-134

**Baker, Judge.**

[1] Antwon Davis appeals the trial court's revocation of his probation in three causes. He argues that his due process rights were violated and that there is insufficient evidence supporting the revocation. Finding no due process violation and sufficient evidence, we affirm.

## Facts[1]

[2] In November 2013, Davis was serving probation terms in cause numbers 02D04-0604-FD-339 (339), 02D04-0605-FD-445 (445), and 02D04-0902-FD-134 (134). On November 26, 2013, the State filed charges of class D felony domestic battery and class D felony strangulation against Davis in cause number 02D04-1311-FD-1302 (1302). On that date, the State also filed petitions to revoke Davis's probation in causes 339, 445, and 134, based on the new offenses alleged in cause 1302.

[3] On December 4, 2014, a jury found Davis not guilty in cause 1302. After the trial was concluded, the trial court held a hearing on the petitions to revoke probation in the other three causes. Without objection or comment by the defense, the trial court granted the State's motions to incorporate the trial proceedings that had just concluded from cause 1302 into the revocation hearing. At the close of the revocation hearing, the trial court found that the

---

[1] There are multiple errors in the State's brief. Among other things, the county of the trial court in which the trial and revocation hearings were held, the date on which the petitions to revoke probation were filed, and the date on which Davis committed the alleged crimes charged in cause 1302 are all incorrect. We hope that counsel will be more mindful of these important details in the future.

State had established by a preponderance of the evidence that Davis had violated the terms of his probation by committing the new offenses. It revoked his probation in causes 339, 445, and 134, and ordered him to serve his previously suspended sentences consecutively. Davis now appeals.

## Discussion and Decision

As we consider Davis's arguments that the trial court erroneously revoked his probation, we note that probation is a matter of grace left to trial court discretion rather than a right to which a defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). We review a trial court's probation determinations and sanctions for an abuse of discretion. *Id.* The revocation of probation is in the nature of a civil action rather than a criminal one; thus, the alleged violation need be proved only by a preponderance of the evidence. *Cain v. State*, 30 N.E.3d 728, 732 (Ind. Ct. App. 2015), *trans. denied*. Violation of a single term or condition of probation is sufficient to revoke probation. *Id.*

## I. Due Process

Davis first argues that his due process rights were violated when the trial court incorporated the trial proceedings from cause 1302 into the revocation hearings on the other three causes. Probationers are not entitled to the full panoply of constitutional rights that defendants are afforded during criminal trials. *Lightcap v. State*, 863 N.E.2d 907, 910 (Ind. Ct. App. 2007). Our Supreme Court has stated that a probationer's due process rights "include written notice of the claimed violations, disclosure of the evidence against him, an opportunity

to be heard and present evidence, the right to confront and cross-examine adverse witnesses, [] a neutral and detached hearing body[,] . . . [and] the right to confrontation, cross-examination, and representation by counsel." *Isaac v. State*, 605 N.E.2d 144, 148 (Ind. 1992).

[6] It is well established that all of the due process rights to which probationers are entitled are protected when full trial proceedings are incorporated into the revocation proceedings. *Lightcap*, 863 N.E.2d at 911 (Ind. Ct. App. 2007); *Stromatt v. State*, 686 N.E.2d 154, 159 (Ind. Ct. App. 1997). During the criminal trial, the defendant had *greater* protection of *more* rights than he enjoys as a probationer. Therefore, it must be the case that incorporating the proceedings of the criminal trial protects the lesser rights afforded to probationers. We see no reason to depart from this well-established principle, and decline to reverse on this basis.[2]

## II. Sufficiency of the Evidence

[7] Next, Davis argues that there is insufficient evidence supporting the revocation of his probation. In considering the evidence supporting revocation of probation, we will neither reweigh evidence nor judge witness credibility, and

---

[2] We also note that at the probation revocation hearing, defense counsel neither objected nor even commented on the incorporation of the trial proceedings. In any event, therefore, this argument has been waived.

consider all conflicting evidence in the light most favorable to the trial court's ruling. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012).

[8] Davis argues that the record does not establish that he was the same person who was on probation in causes 339, 445, or 134. Davis did not raise this argument during the probation revocation hearing. Therefore, he has waived it. *Dokes v. State*, 971 N.E.2d 178, 180 (Ind. Ct. App. 2012) (holding that where defendant did not argue that he was not on probation at the revocation hearing, he could not raise the claim on appeal).

[9] Davis also argues that the State did not prove that he was advised of his probation terms. He did not raise this argument during the revocation hearing, so he has waived it. *Ware v. State*, 816 N.E.2d 1167, 1179 (Ind. Ct. App. 2004). Waiver notwithstanding, we note that at the revocation hearing, the State moved to incorporate the rules of probation for each of the three cause numbers, and the trial court granted the motion.[3] As our Supreme Court has noted, "it is *always* a condition of probation that a probationer not commit an additional crime." *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995) (emphasis added). We therefore decline to reverse on this basis.

[10] Finally, Davis claims that because a jury found him not guilty beyond a reasonable doubt, that the evidence is not sufficient to find that he violated probation. He essentially questions the character and believability of the

---

[3] Davis did not include the rules of probation in causes 339, 445, or 134 in the record on appeal.

alleged victim of the crimes charged in cause 1302. Initially, we note that this is a request that we assess witness credibility, which we may not do. Furthermore, we note that "[b]ecause of the difference between the burden of proof required to convict someone of a crime and the burden of proof required to revoke probation, the court could revoke probation after finding [a defendant] not guilty based on the same evidence." *Dokes*, 971 N.E.2d at 180. At the criminal trial, which was incorporated into the revocation proceeding, the alleged victim testified that Davis had, in fact, committed the charged crimes. This evidence is sufficient to support the trial court's conclusion that the State proved the probation violations by a preponderance of the evidence.

[11] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.