## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2016, 7:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William Byer, Jr.
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Lee Troxtle,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 28, 2016

Court of Appeals Case No.
48A02-1602-CR-325

Appeal from the Madison Circuit
Court

The Honorable Mark Dudley,
Judge

Trial Court Cause No.
48C06-1302-FC-456

**May, Judge.**

[1] Kevin Lee Troxtle appeals the revocation of his probation. As a police officer's testimony about Troxtle's escape and resisting law enforcement is sufficient to revoke his probation, we affirm.

## Facts and Procedural History

[2] On November 18, 2013, Troxtle pled guilty to Class D felony theft.[1] The trial court sentenced him to thirty months, ordered ten days executed with time served, and suspended the balance to probation.

[3] On August 24, 2015, the State filed a petition for probation revocation alleging Troxtle committed Class A misdemeanor domestic battery.[2] The trial court issued a warrant for his arrest. After an evidentiary hearing on September 15, 2015, the trial court found Troxtle violated his probation and placed him in a work release facility.

[4] On October 18, 2015, Officer Ohlheiser received a dispatch about a car containing two people, a male and female, with the male possibly wanted on a warrant. Troxtle was the male in the car. Officer Ohlheiser told Troxtle to get out of the car, told him he was under arrest, and started to handcuff him. Troxtle spun away and ran. Another officer grabbed Troxtle and a tussle ensued with Troxtle ultimately escaping.

---

[1] Ind. Code § 35-43-4-2 (2009).

[2] Ind. Code § 35-42-2-1.3 (2014).

[5] The State filed a new petition to revoke probation alleging Troxtle committed Level 5 felony escape[3] and Class A misdemeanor resisting law enforcement.[4] Troxtle had an initial hearing on November 30, 2015. The trial court held an evidentiary hearing on January 1, 2016, and Office Ohlheiser testified about the events of October 18, 2015. The trial court found Troxtle violated his probation and ordered Troxtle serve the rest of his sentence in the Indiana Department of Correction.

## Discussion and Decision

[6] The evidence was sufficient to revoke Troxtle's probation. A trial court may revoke probation if a person commits another crime. Ind. Code § 35-38-2-1(b)(2) (2012). A criminal conviction is not necessary to revoke probation. *Dokes v. State*, 971 N.E.2d 178, 180 (Ind. Ct. App. 2012). The State must prove a violation of probation by a preponderance of the evidence. Ind. Code § 35-38-2-3(f) (2015).

[7] When reviewing a trial court's finding of a probation violation, we may not reweigh the evidence or reevaluate the credibility of witnesses. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). We instead look at the evidence most

---

[3] Ind. Code § 35-44.1-3-4 (2014).

[4] Ind. Code § 35-44.1-3-1 (2014).

favorable to the trial court's decision and affirm if there is substantial evidence of probative value supporting the judgment. *Id*. at 639-40.

[8] There was substantial evidence supporting the trial court's ruling. The State alleged Troxtle violated probation by committing escape and resisting law enforcement. Escape occurs when a person intentionally flees from lawful detention. Ind. Code § 35-44.1-3-4(a). Resisting law enforcement occurs when a person intentionally or knowingly "forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties." Ind. Code § 35-44.1-3-1(a)(1). Resisting law enforcement can also occur when a person intentionally or knowingly "flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop." Ind. Code § 35-44.1-3-1(a)(3).

[9] Officer Ohlheiser told Troxtle he was under arrest and attempted to handcuff him. Troxtle spun away and ran, which prevented Ohlheiser from handcuffing him. Troxtle then tussled with another officer and continued to run. Troxtle argues this evidence was insufficient to find he violated his probation, but our Indiana Supreme Court has upheld a probation revocation when a police officer testified to facts demonstrating a probationer violated the law. *Murdock v. State*, 10 N.E.3d 1265, 1268 (Ind. 2014). Based on Officer Ohlheiser's testimony, Troxtle resisted law enforcement and escaped, and thus the evidence was sufficient to revoke his probation. *See Thornton v. State*, 792 N.E.2d 94, 99 (Ind.

Ct. App. 2003) (revoking probation based on commission of a subsequent crime even though a jury acquitted him of that crime).

# Conclusion

Sufficient evidence supported the revocation of Troxtle's probation, and we accordingly affirm.

Affirmed.

Kirsch, J., and Crone, J., concur.