## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 27 2017, 5:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert E. Inman, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 27, 2017 <br><br> Court of Appeals Case No. <br> 84A04-1607-CR-1650 <br><br> Appeal from the Vigo Superior Court. <br> The Honorable Michael R. Rader, Judge. <br> Cause Nos. 84D05-1409-F6-2530, <br> 84D05-1412-F6-3031 |

**Sharpnack, Senior Judge**

## Statement of the Case

[1]   Robert E. Inman failed to comply with the terms of a drug court program and the trial court sentenced him to probation, including home detention. Next, the State claimed that Inman violated the terms of his probation. After an

evidentiary hearing, the court revoked Inman's probation and home detention and ordered him to serve his previously-suspended sentences. Inman appeals, and we affirm.

## Issues

Inman raises two issues, which we restate as:

I.    Whether there is sufficient evidence to sustain the revocation of Inman's probation.

II.   Whether the trial court erred in sentencing Inman.

## Facts and Procedural History

On September 25, 2014, the State filed Cause Number 84D05-1409-F6-2530 ("F6-2530"), charging Inman with operating a vehicle while intoxicated with a prior conviction, a Level 6 felony; operating a vehicle while intoxicated endangering a person, a Class A misdemeanor; and operating a vehicle with an ACE of .08 or more, a Class C misdemeanor; for acts that occurred on September 25, 2014. On December 5, 2014, the State filed Cause Number 84D05-1412-F6-3031 ("F6-3031"), charging Inman with operating a vehicle while intoxicated with a prior conviction, a Level 6 felony; operating a vehicle while intoxicated endangering a person, a Class A misdemeanor; and operating a vehicle with an ACE of .08 or more, a Class C misdemeanor; for acts that occurred on December 4, 2014.

Inman agreed to be placed in a drug court program while F6-3031 and F6-2530 progressed. As a condition of entering the program, he pleaded guilty to the Level 6 felonies in both cases, but the trial court withheld entering judgment. If

Inman had successfully completed the program, the guilty pleas would have been withdrawn and the cases would have been dismissed.

[5] Next, the State alleged that Inman had violated the terms of the drug court program and petitioned to enter judgments of conviction on Inman's guilty pleas in the two cases. During a December 17, 2015 hearing, Inman admitted to violating the terms of the program. The parties agreed that he should serve his sentence outside of the Department of Correction.

[6] On January 21, 2016, the trial court entered judgments of conviction on two counts of operating a vehicle while intoxicated with a prior conviction, both Level 6 felonies, one in F6-3031 and one in F6-2530. While imposing the sentence, the court stated, "I have to admit in just looking at this on paper I was inclined to sentence you to the Department of Correction for five (5) years because I simply cannot and will not tolerate repeat drunk driving episodes." Jan. 21, 2016 Tr. p. 93. Based on evidence presented at the sentencing hearing, the court concluded otherwise and sentenced Inman to two and a half years in each case, to be served consecutively. The court further directed that Inman's sentence was to be suspended to formal probation, except for 180 days to be served on home detention through the Vigo County Community Corrections Program. The conditions of probation included submitting to drug and alcohol monitoring. Appellant's App. Vol. II, p. 16.

[7] On May 13, 2016, the State filed a petition to revoke Inman's probation and placement on home detention in F6-3031 and F6-2530, alleging that he had

violated Home Detention Rule 4 by failing to report for several alcohol screens and by failing several other alcohol screens. After an evidentiary hearing, the court determined Inman violated the terms of his placement "by failing to report for a drug screen on May 4, 2016 and May 11, 2016, [and] testing positive for alcohol on March 30, 2016, April 18, 2016, and April 26, 2016." Appellant's App. Vol. II, p. 53. The court revoked Inman's suspended sentences in F6-3031 and F6-2530 and, citing Inman's criminal history, ordered him to serve the previously suspended sentences of two and a half years in each case in the Department of Correction. The court further ordered that the sentences for F6-3031 and F6-2530 would be served consecutively.

# Discussion and Decision

## I. Sufficiency of the Evidence

[8] Inman argues the trial court's revocation of his probation must be reversed because the State failed to prove that he violated a term of probation. The State responds that it provided sufficient evidence of the terms of probation and that Inman committed a violation.

[9] Both probation and community corrections programs serve as alternatives to commitment to the Department of Correction, and a defendant's placement in either is made at the sole discretion of the trial court. *McQueen v. State*, 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007). As a condition of probation, a court may order an offender to serve a period of home detention. Ind. Code § 35-38-2.5-5 (2014). A court may revoke a person's probation if "the person has

violated a condition of probation during the probationary period." Ind. Code §
35-38-2-3 (2012). The State must prove a violation of probation by a
preponderance of the evidence. *Dokes v. State*, 971 N.E.2d 178, 179 (Ind. Ct.
App. 2012).

[10] A reviewing court addresses a decision to revoke a placement in a community
corrections program the same as a decision to revoke probation. *Bass v. State*,
974 N.E.2d 482, 488 (Ind. Ct. App. 2012). We consider the evidence most
favorable to the judgment of the trial court without reweighing that evidence or
judging the credibility of witnesses. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind.
2012). If there is substantial evidence of probative value to support the trial
court's conclusion that a defendant has violated any terms of probation, we will
affirm its decision to revoke. *Id.* One violation of a condition of probation is
enough to support the decision to revoke. *Pierce v. State*, 44 N.E.3d 752, 755
(Ind. Ct. App. 2015).

[11] The Chronological Case Summary for both cases indicated that Inman would
be subject to drug and alcohol monitoring as a condition of probation. In
addition, before Inman began serving his term of home detention he met with
Arthur Zurcher, the Field Coordinator of Vigo County Community
Corrections. Zurcher and Inman reviewed the terms and conditions of his
home detention, and Inman signed them. Zurcher testified that Home
Detention Rule 4 required Inman to submit to regular alcohol screens and
barred him from using alcohol.

[12] According to Zurcher, Inman failed to report for a required test on two occasions, May 4 and May 11, 2016, in violation of Rule 4. In addition, Inman failed three alcohol screens on March 30, 2016, April 18, 2016, and April 26, 2016, also in violation of Rule 4. Zurcher sent Inman's urine samples to a lab to confirm that the samples tested positive for alcohol. Zurcher brought the terms and conditions of home detention to the evidentiary hearing, and Inman's counsel reviewed Rule 4 before cross-examining Zurcher.

[13] Inman notes the State never offered Rule 4 into evidence, and as a result he claims the State failed to prove the terms of probation or a violation of the terms. We disagree. Zurcher testified, without objection, that Rule 4 required Inman to refrain from consuming alcohol and to submit to regular tests. The best evidence of the terms of probation would have been the written rules, but the trial court could have reasonably inferred from Zurcher's testimony by a preponderance of the evidence that Rule 4 prohibited specific conduct, and Inman's conduct violated the rule. The State presented sufficient evidence to prove the rule and several violations of the rule. *See Johnson v. State*, 692 N.E.2d 485, 486-87 (Ind. Ct. App. 1998) (rejecting defendant's claim that State failed to admit conditions of probation into evidence; court ruled defendant failed to object to other evidence proving conditions of probation).

## II. Sentencing

[14] Inman argues the trial court should not have imposed the full suspended sentence in both cases, to be served consecutively. He asks the Court to reduce his sentence to time served. The State responds that the trial court acted well

within its sentencing discretion due to Inman's repeated violations of the conditions of his probation.

[15] If a person who is serving a term of probation violates a condition of probation, the court may: (1) continue the person on probation, with the option of modifying the conditions; (2) extend the probationary period; or (3) order execution of all or part of the previously-suspended sentence. Ind. Code § 35-38-2-3. We review a trial court's sentencing decisions on probation violations under an abuse of discretion standard. *Jenkins v. State*, 956 N.E.2d 146, 149 (Ind. Ct. App. 2011), *trans. denied*. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Butler v. State*, 951 N.E.2d 255, 262 (Ind. Ct. App. 2011).

[16] As the trial court noted, Inman, who was twenty-seven years old at sentencing, has a notable criminal history. His convictions include two Class D felonies for receiving stolen property and check fraud. Inman also has convictions for reckless driving, a Class B misdemeanor, and operating while intoxicated in a manner endangering a person, a Class A misdemeanor. Inman was given suspended sentences in all four cases. While none of Inman's prior crimes are high-level felonies, they demonstrate an inability to avoid criminal behavior or to benefit from receiving probation instead of executed sentences.

[17] In addition, the facts of the current case demonstrate Inman did not benefit from alternatives to incarceration. Soon after the State filed charges against Inman in 2014, he was given the opportunity to participate in a drug court

program, pursuant to which the charges against him could have been dismissed if he had complied with the program's conditions. Meanwhile, the State dismissed a probation violation action from a prior drunk driving case. By his own admission, Inman violated the terms of the drug court program. The trial court could have imposed an executed sentence and was initially inclined to do so but chose a suspended sentence with a period of home detention instead. Even then, Inman could not change his behavior to take advantage of the leniency that was offered to him.

[18] It is unclear that any alternatives to prison would have resulted in Inman choosing to comply with the law. To the contrary, Inman appears to have benefitted from incarceration in terms of his addiction to alcohol. In a post-sentencing letter to the trial court, Inman reported, "My incarceration has helped me get sober and to see what I had at home in the first place." Appellant's App. Vol. II, p. 60. The trial court did not abuse its discretion by ordering Inman to serve his suspended sentences in their entirety. *See Wilkerson v. State*, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009) (trial court did not abuse discretion in ordering defender to serve entirety of previously-suspended sentence despite evidence of defendant's recent attempts at improvement).

# Conclusion

[19] For the reasons stated above, we affirm the judgment of the trial court.

[20] Affirmed.

Baker, J., and Pyle, J., concur.